## THE STATE, NATHANIEL M. HANKINS, PROSECUTOR, v. THE COX & SONS' COMPANY ET AL.

Submitted March 20, 1899—Decided June 12, 1899.

A contract for repairs to a vessel, made at her home port, is maritime in its nature, and proceedings *in rem* for the enforcement of a lien given for its security by a state statute cannot be instituted before state tribunals.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Louis H. Miller.*

For the defendants, *Walter H. Bacon.*

The opinion of the court was delivered by

GUMMERE, J.   This writ issued out for the purpose of reviewing certain proceedings *in rem,* instituted before a judge of the Court of Common Pleas of the county of Cumberland, under the provisions of the act of March 20th, 1857, entitled "An act for the collection of demands against ships, steamboats and other vessels" (*Gen. Stat., p.* 1961), by the Cox & Sons' Company against the steamer White Flyer, to enforce the lien given by that act for work done and material furnished in repairing the boiler of said vessel while she was lying at her dock in Millville, that being her home port.

The principal reason assigned for setting aside these proceedings is that the statute under which they are taken, so far as it provides for the enforcement of a lien for repairs to a vessel at her home port by proceedings *in rem* before a state tribunal, is void, for the reason that it conflicts with article 3, section 2 of the constitution of the United States, which declares that "the judicial power shall extend to all cases of admiralty and maritime jurisdiction," and also with section 563, paragraph 8 of the Revised Statutes of the United States, which provides that the District Courts of the United States shall have jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common law remedy where the common law is competent to give it,  *  *  *   and that such jurisdiction shall be exclusive," &c.

In support of the validity of the proceedings, it is urged that the contract upon which they are founded is not maritime in its nature, and consequently is not within the domain

of admiralty jurisdiction; and further, that even if it be a maritime contract, nevertheless the proceedings are valid for the reason that although congress is empowered, by the constitutional provision cited, to regulate the matter of repairs to vessels while lying in their home ports, and the rights of materialmen making the same, still they have not as yet done so either by section 563, paragraph 8 of the Revised Statutes of the United States, or by any other legislation; that until congress does act the several states of the Union have the right to regulate these matters, and that therefore state statutes creating liens for such repairs, and providing proceedings *in rem* for their enforcement, are valid. *Randall* v. *Roche*, 1 *Vroom* 220, decided by this court in 1862, is relied upon to support, and does support, the defendants' contention. In that case it was held that a contract for furnishing necessaries to a vessel was not maritime in its character; that the lien given by the statute to secure payment for such necessaries was not a maritime lien within the jurisdiction of the United States Courts of Admiralty, and that it was therefore enforceable in the courts of this state.

The authority of this decision was, however, much shaken, if not entirely destroyed, by the subsequent decision of the Court of Errors and Appeals, and afterwards of the Supreme Court of the United States, in the case of *Edwards* v. *Elliott*, 7 *Vroom* 454; *S. C.*, 88 *U. S.* 532.

But the whole question was finally put at rest by the decision of the United States Supreme Court in 1875 in the case of *The Lottawanna*, 88 *U. S.* 558. In that case, Mr. Justice Bradley, delivering the opinion of the court, after stating that it is entirely settled that materialmen furnishing repairs and supplies to a vessel in her home port do not acquire thereby any lien upon the vessel by the General Maritime law as received in the United States, and that no lien therefor had been created by any act of congress, proceeds as follows: "It seems to be settled in our jurisprudence that, so long as congress does not interpose to regulate the subject, the rights of materialmen furnishing necessaries to a vessel in her home

port may be regulated in each state by state legislation. State laws, it is true, cannot exclude the contract for furnishing such necessaries from the domain of admiralty jurisdiction, *for it is a maritime contract,* and they cannot alter the limits of that jurisdiction, *nor can they confer it upon the state courts so as to enable them to proceed in rem for the enforcement of liens created by such state laws,* for it is exclusively conferred upon the District Courts of the United States. They can only authorize the enforcement thereof *by common law remedies,* or such remedies as are equivalent thereto. But the District Courts of the United States, having jurisdiction of the contract as a maritime one, may enforce liens given for its security even when created by state laws."

The same doctrine was reaffirmed in the later case of *Norton* v. *Switzer,* 93 *U. S.* 355.

In view of these decisions of the United States Supreme Court, it is quite apparent that our act for the collection of demands against ships, steamboats and other vessels, although unobjectionable in some of its provisions, is invalid to the extent that it attempts to provide for the enforcement of the lien, given by it, for making repairs to a vessel in its home port, by proceedings *in rem* instituted in a state tribunal, and that such proceedings, when so instituted, are void.

The proceedings under review will therefore be set aside, with costs.